THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHANDON SAMUELS                                                                            PLAINTIFF

v.      Civil No. 5:17-cv-05232

CORPORAL CARLOS PINEDA;
PRIVATE LEVI LITTRELL; and
PRIVATE ADAM MILES                                                   DEFENDANTS

## **OPINION**

Plaintiff, Shandon Samuels, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. When Plaintiff filed this case, he was incarcerated in the Washington County Detention Center. Plaintiff has since been released.

The case is before the Court on the Motion to Dismiss (ECF No. 11) filed by Separate Defendants Private Levi Littrell and Private Adam Miles. Plaintiff has not responded to the Motion to Dismiss.

## I.     BACKGROUND

According to the allegations of the Complaint (ECF No. 1), on October 14, 2017, the cell block Plaintiff was in was ordered downstairs to get "new stripes." When he was done changing, Plaintiff took his dirty stripes back downstairs.

Corporal Pineda then asked him what comment he had made. Plaintiff replied: "Is that all you fake a—drill [sergeant]!" Corporal Pineda asked Plaintiff to step out of the cell block. Plaintiff turned around and started back up the stairs "because [he] didn't feel like there was a reason to step outside."

At this point, Plaintiff alleges Corporal Pineda grabbed him by the head and neck and jerked him off the stairs. Plaintiff alleges another officer helped Corporal Pineda get him to

1

the floor. Plaintiff states Corporal Pineda stuck a Taser into his stomach and told him to roll over. Plaintiff alleges Corporal Pineda smashed his elbow on the ground and handcuffed him.

Corporal Pineda was removed from the cell block by Sergeant Byrd. Plaintiff was given five days in the "hole."

As relief, Plaintiff is asking for compensatory and punitive damages. He also asks for the Defendants to be reprimanded.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Defendants Littrell and Miles have moved to dismiss the claims against them because they are not mentioned by name in connection with any actions or omissions described in the body of the Complaint. As Plaintiff has alleged no facts which indicate any unconstitutional

acts or omissions on their part, Defendants Littrell and Miles maintain they are entitled to dismissal.

The Court agrees. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Further, to establish liability under § 1983 there must be some personal involvement on the part of the Defendant. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)(internal quotation marks and citation omitted). The only allegation of the Complaint that suggests the involvement of another party in the use of force is the statement that "another officer" helped Corporal Pineda take the Plaintiff to the ground. This is simply insufficient.

Further, while Plaintiff has sued these Defendants in their official capacity, he has not alleged their actions were taken pursuant to any custom, policy, or practice of Washington County. "Under 42 U.S.C. § 1983, a governmental entity may not be held vicariously liable for the unconstitutional acts of employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, a governmental entity may be held liable if a plaintiff proves that its policy

or custom was the 'moving force [behind] the constitutional violation.'" *Dahl v. Rice Cnty., Minn.*, 621 F. 3d 740, 743 (8th Cir. 2010)(citation omitted). Here, Plaintiff has made no such allegations. Therefore, Defendants Littrell and Miles are entitled to dismissal in both their individual and official capacities.

### IV. CONCLUSION

Accordingly, the Motion to Dismiss (ECF No. 11) of Separate Defendants Littrell and Miles is **GRANTED** and all claims against them are **DISMISSED WITHOUT PREJUDICE.**

**Plaintiff has until March 6, 2018**, to advise the Court whether he wishes to proceed with the excessive force claim against Corporal Pineda.

IT IS SO ORDERED on this 21st day of February 2018.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE